**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DANILSON CHERISME,

Petitioner,

v.

LEONARD ODDO, Warden, Moshannon Valley Processing Center, et al.

Respondents

3:26cv1934

ELECTRONICALLY FILED

**MEMORANDUM ORDER OF COURT GRANTING IN PART AND DENYING IN PART PETITIONER DANILSON CHERISME'S VERIFIED <u>PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)</u>**

Pending is Petitioner Danilson Cherisme's Petition for a Writ Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

**I. BACKGROUND**

Petitioner filed his habeas petition on October 1, 2026. (Doc. 1).

On October 16, 2026, Respondents filed their response to Petitioner's habeas petition. (Doc. 8).

On October 21, 2026, Petitioner filed his reply to Respondents' response. (Doc. 9).

Accordingly, Petitioner's habeas petition has been thoroughly briefed and is ripe for adjudication.

**II. PARTIES' POSITIONS**

Petitioner asserts in his habeas petition, and Respondents do not dispute, that: (1) Petitioner is a native and national of Haiti; (2) Petitioner resides in New York; (3) Petitioner was arrested and detained on August 7, 2026, in New York; (4) Petitioner currently is detained in

Moshannon Valley Processing Center; and (5) Petitioner has no criminal history and has not had any interactions with the criminal justice system.

Petitioner also asserts in his habeas petition: (1) on or about February 20, 2024, Petitioner presented himself in Texas for inspection through the CBP One appointment system, was inspected and paroled into the United States ("U.S."); and (2) Petitioner's parole expired on February 20, 2026. (Doc. 1 at 2, 8) (citing Doc. 1-2 at 2) (Petitioner's I-94 Firm) (Doc. 1-3 at 2) (Petitioner's Notice to Appear).

To the contrary, in their response, Respondents posit: "Petitioners entered this country illegally at an unknown date and time." (Doc. 8 at 2) (citing Doc. 8-2) (Petitioner's I-213 Form).

Respondents also assert "Petitioner was already scheduled to receive such a hearing before an immigration judge on September 10, 2026, but the request for hearing was withdrawn without prejudice per request from Petitioner's counsel at the hearing because he needed additional preparation time. Petitioner was specifically advised that he could renew his request for a hearing with supporting documentation when his counsel was ready." (*Id.* at 2) (citing Doc. 8-3) (September 10, 2026 IJ Order stating: "INA 236(a)[.] Withdrawn without prejudice per request from Respondent's counsel at today's hearing, who indicated additional preparation time was needed. Respondent may renew request with supporting documentation when ready.").

Respondents further contend "Respondents are working to schedule Petitioner's bond hearing," and that a bond hearing, and not immediate release, is the relief to which Petitioner is entitled, citing to the decision of the United States Court of Appeals for the Third Circuit in *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018). (*Id*. at 3, 4).

In his Reply, Petitioner: (1) emphasizes that Respondents' admit that Section 1226(a) applies and that Petitioner is entitled to a bond hearing pursuant to Section 1226(a); (2) explains with respect to the events at the September 10, 2026 bond hearing before an IJ: "According to counsel who attended, however, both DHS counsel and the Immigration Judge stated that the IJ lacked bond jurisdiction because Petitioner was an 'arriving alien.' Counsel withdrew the request after those statements rather than receive a denial on that ground," and has attached a supporting declaration from Petitioner' counsel at the September 10, 2026 IJ hearing supporting said contention; (3) argues that the decision of the Court of Appeals for the Third Circuit in *Borbot, supra*., is distinguishable from the facts of this case; (4) contends that immediate release is the appropriate remedy based on *Buele Morocho*, 189 F.4th 287 (3d Cir. 2026); and (5) now requests either immediate release or "a constitutionally adequate, individualized bond hearing under § 1226(a) before a United States District Judge." (Doc. 9 at 1-4, Doc. 9-1 at 2).

## III. FINDINGS AND RULINGS

In *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026), the Court of Appeals for the Third Circuit recently concluded, with respect to two (2) petitioners who had entered the U.S. without inspection years prior to their being detained by ICE in the interior of the U.S., that their detention was governed by Section 1226, and not Section 1225(b) because "§ 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders." *Buele Morocho*, 189 F.4th at 299.

The Court finds that Petitioner's detention is governed by Section 1226(a). This conclusion is premised on: (1) Respondents' acknowledgment in its Response that Petitioner's detention is governed by Section 1226(a); and (2) the Court's determination that the reasoning and conclusions set forth by the appellate court in *Buele Morocho, supra*., are applicable to

Petitioner since he was detained in the interior of the U.S. in August 2026, and not when he arrived in the U.S. on or about February 20, 2024, and thereafter was processed for a Notice to Appear and paroled into the U.S..[1]

The Court further finds that because Petitioner's detention is governed by Section 1226(a), Petitioner's detention without a bond hearing violates his rights under Section 1226 and the Fifth Amendment's Due Process Clause.

The Court further finds that, under the facts of this case, the appropriate relief in this case is a bond hearing pursuant to Section 1226(a), and not, as requested by Petitioner, either: (1) immediate release; or (2) "a constitutionally adequate, individualized bond hearing under § 1226(a) before a United States District Judge."

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing pursuant to Section 1226(a) to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due

[1] Respondents attached Petitioner's I-213 Form to support their contention that Petitioner entered the U.S. at an unknown date and time. (*See* Doc. 8-2). Petitioner's I-213 Form, however, supports Petitioner's position that he entered the U.S. on February 20, 2024, and was processed and paroled. (*Id.*at 2).

process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) directing Respondents to immediately release Petitioner; (2) ordering that this Court will hold a bond hearing; (3) enjoining Respondents from transferring Petitioner outside the Western District of Pennsylvania during the pendency of this action; (4) declaring that Petitioner's continued detention violates the Administrative Procedure Act, 5 U.S.C. §706(2)(A); (5) awarding him "attorney's fees and costs under the Equal Access to Justice Act ('EAJA'), as amended, 28 U.S.C. § 2412, and on any other basis justified under law;" and (6) granting "such further relief as the Court deems just and proper." (Doc. 1 at 14).

More specifically, as previously determined,[2] this Court lacks jurisdiction to enjoin Respondents from transferring Petitioner out of the Western District of Pennsylvania during the pendency of these proceedings. Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS'

[2] (*See* Doc. 5).

decisions under § 1231. *See, e.g.*, *Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in section § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Further, Petitioner's habeas petition does not contain any argument in support of his request that this Court declare that Petitioner's continued detention violates the Administrative Procedure Act, 5 U.S.C. §706(2)(A) ("APA"). Indeed, the only time Petitioner discusses the APA is in his request for relief. (*See* Doc. 1 *en toto*).

Moreover, Petitioner is not entitled to attorney fees and costs under the EAJA or otherwise because the Court finds that Respondents' position was substantially justified in this case. First, since Petitioner filed his habeas petition, Respondents' position consistently has been that Petitioner's detention is governed by 8 U.S.C. § 1226(a), which is the ultimate conclusion reached by this Court. Second, even with both parties taking that position that Petitioner's detention is governed by Section 1226(a), the relief to which Petitioner is entitled remained disputed. Third, to the extent that the events that occurred at Petitioner's scheduled September 10, 2026 bond hearing were the result of the immigration judge's opinion that he lacked jurisdiction to release Petitioner on bond because he is an "arriving alien," the *Buele Morocho* decision addressed petitioners who were not identically situated to Petitioner and there is a split of authority amongst numerous other federal courts of appeal and district courts as to whether the

detention of a petitioner similarly situated to Petitioner is governed by Section 1225(b) or Section 1226(a).

SO ORDERED this 2nd day of November, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record